33680. SELLERS *v.* WHALEY.

DECIDED OCTOBER 11, 1951.

*Jesse M. Sellers,* for plaintiff in error.

*Gleason & Painter,* contra.

FELTON, J. The act of 1946, pp. 726, 735, 739 (Code, Ann., §§ 6-908.1, 6-909), requiring notice to the opposite party of the presentation of a bill of exceptions and providing how objections may be removed had for its primary purpose notice to the defendant in error. It does not require that the plaintiff in error be present at the time the judge passes on the sufficiency of the bill of exceptions, nor does it authorize the judge to require that the attorney or attorneys for the plaintiff in error be present. If the plaintiff in error and attorneys wish to take their chances on being required to correct or amend the bill of exceptions and to pursue their legal remedy if the requirement is wrong, it is their right and privilege to do so. We do not think that an attorney is in contempt of court for failing to appear at such a "hearing" upon oral "direction" of the judge.

The court erred in overruling the general demurrer to the petition, and the subsequent proceedings were nugatory.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*